## IOWA WASHING MACH. CO. v. SAECKER.

### (Circuit Court of Appeals, Seventh Circuit. January 4, 1916.)

### No. 2244.

PATENTS ⊙⇒328—VALIDITY AND INFRINGEMENT—GEARING FOR WASHING MACHINES.

The Victor patent, No. 863,120, for a mechanical movement for washing machines, is valid, and, while of somewhat narrow scope, is not limited to any particular form of transmitting power, its essential feature being the removal from the lid of unnecessary weight, enabling it to be lifted without much effort, while preserving the momentum of the flywheel, in which respect it is entitled to a reasonable range of equivalents; also *held* infringed.

Appeal from the District Court of the United States for the Western District of Wisconsin; Arthur L. Sanborn, Judge.

Suit in equity by the Iowa Washing Machine Company against E. C. Saecker. Decree for defendant, and complainant appeals. Reversed.

For opinion below, see 219 Fed. 247.

Appellant sought to have appellee held as an infringer of its patent No. 863,120, granted one Victor on August 13, 1907, for "gearing" used in washing machines, and enjoined. The claims in issue, numbered respectively 2 and 4, reading as follows, viz.:

"In a mechanical movement for washing machines, a vertical rotary stirrer shaft, and a horizontally disposed drive shaft connected to the same, in combination with a vertically disposed lever of the second class actuating said drive shaft, a flywheel the axis of which is parallel to that of said drive shaft, and means for transmitting the motion of said lever to said flywheel."

"In a mechanical movement for washing machines, a vertical rotary stirrer shaft, and a horizontally disposed drive shaft connected to the same, in combination with a vertically disposed lever of the second class actuating said drive shaft, a flywheel the axis of which is parallel to that of said drive shaft, a gear the axis of which is parallel to that of said flywheel for transmitting the motion of said lever to said flywheel"

—were held to be valid by this court in Horton Mfg. Co. v. White Lily Mfg. Co., 213 Fed. 471, 130 C. C. A. 117. The record in this present case upon the question of validity is substantially the same as in that case.

Appellee's device, it is claimed, is constructed in accordance with the teaching of Wyman patent, No. 957,024, granted May 3, 1910, for a washing machine. It is called "Big Three Vacuum Washer." It consists of a tub with a hinged lid, a balance wheel mounted on its side, having a small spur pinion and a moving lever handle carrying a pitman link. Resting upon the cover is a driving shaft and a motion translating device, which is connected to a vertical driving shaft, which passes through the lid and operates a dolly, which is made to move up and down in the tub while at the same time it is rocked or oscillated first in one direction and then in the other. This vertical driving shaft is hollow, whereby air is exhausted from the tub, causing a partial vacuum as the cone or dolly rises. By the return movement, so it is claimed, the air remaining in the cone is forced through the clothes, assisting in cleansing them. The outer end of the driving shaft carries a gear, adapted to engage the small pinion on the flywheel. One end of the pitman link on the lever is connected to a stub on this larger gear, whereby the motion of the lever handle is imparted to said larger gear and thence to the driving

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shaft, and through said small gear to the flywheel shaft. The cone is claimed to be superior in effectiveness to appellant's dolly. It, together with its connection and mode of operation, is said by appellee's counsel to be the characteristic feature of his device.

Some of the differences between the two devices here involved, as claimed by appellee, are: (1) The difference in form and construction of the dashers. (2) The difference in operation thereof, Victor's having no pounding or vertical action. (3) The creation of a partial vacuum in the one and the solid dasher of the other. (4) The use of bevel gears by Victor and translating devices by appellee. (5) The absence of a segmental gear or rack in appellee's device. (6) Appellee has no slot or pin in a speed-up gear. (7) Victor uses no pitman. (8) Victor fulcrums his lever in the plane passing vertically through the axis of the drive shaft and located adjacent to speed increasing gear, while appellee is not so limited. (9) Appellee can dispense with a lever; Victor cannot. (10) The Victor requires three speed gears and a segmental gear. Appellee uses only two speed gears. (11) Appellee's lid has relatively heavy parts upon it. (12) Victor's line of cleavage is between two slow-moving separable gears, the segmental rocking rack on the lever, and the rocking spur gear on drive shaft; while appellee's is between two fast moving gears, the flywheel pinion and gear on drive shaft.

Appellee also claims that the functions of the parts of its device differ from those of the Victor—i. e., that the Victor's large gear is just a part of the speeding device, while in appellee's machines the gear on the outer end of the drive shaft operates both the shaft and the flywheel at different speeds; that the small gear at the outer end of Victor's rotating shaft serves only to impart motion to the shaft; while appellee by the use of two gears of different sizes secures, what in Victor requires three gears, a gear segment or lever, and slot and pin connections to accomplish, viz., the rocking motion of the drive shaft and continuous rotary motion to the flywheel. Appellee also claims for his operating shaft three functions—i. e., creation of a partial vacuum, actuation of the dasher and, in part, operation of the translating device; while the Victor's shaft simply agitates the dasher or stirrer shaft, and that he (appellee) by reason of his cone or dasher, secures a much better manipulation of the clothes to be washed than does appellant. Appellee claims that in his device the lid cannot be lifted out of and restored to mesh with the flywheel pinion when supplied with water and clothes. This, however, does not seem to be substantiated by the record.

The District Court found no infringement and dismissed the bill for want of equity. The assignment of errors challenges the correctness of that decree.

Wallace R. Lane, of Chicago, Ill., for appellant.

Taylor E. Brown and Clarence E. Mehlhope, both of Chicago, Ill., for appellee.

Before KOHLSAAT, MACK, and ALSCHULER, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). We find no reason in the present record for modification of our former decision sustaining the validity of the patent in suit, and therefore proceed at once to consider the question of infringement. "The object of my invention," says the patentee, "is to utilize the momentum of a flywheel to assist in the operation of the lever by which such stirrer shaft mechanism is actuated. This I accomplish by the means hereinafter fully described and as fully set forth in the claims."

Claim 2 calls for (1) a vertical rotary stirrer shaft; (2) a horizontally disposed drive shaft connected thereto, in combination with (3) a vertically disposed actuating lever of the second class; (4) a flywheel with its axis parallel to that of the drive shaft; (5) means for transmitting the motion of the lever to the flywheel.

Claim 4 calls for (1) a vertical rotary stirrer shaft; (2) a horizontally disposed drive shaft connected thereto, in combination with (3) a lever of the second class actuating said drive shaft; (4) a flywheel with axis parallel to that of the drive shaft; (5) a gear, the axis of which is parallel to that of the flywheel, for transmitting the motion of the lever to the flywheel.

In the Horton Mfg. Co. Case, above cited, we held the patentee's assignee entitled to the idea of the lid free from the weight of the heavy operating device, and what was therein termed the line of cleavage, whereby the top could be lifted without much effort and the momentum of the flywheel preserved, in a device employing or actuated by a lever of the second class. In substance, we held that the combination of these two accomplishments with a lever-operated mechanical movement, was new with Victor, and awarded them to him in such combination. With regard to the character of the means, it will be seen that little was said. While the Victor patent was decreed somewhat narrow, no attempt was made to hold the patentee to details of construction not essential to the accomplishment of the beneficial results arising from Victor's construction. These matters were all old in different relations. We were of the opinion, in passing on the Horton Case, as we now are, that Victor was entitled to a reasonable range of equivalents, and placed little stress upon details. In a general way we were of the opinion that the removal of unnecessary weight from the lid was not limited to the exact means disclosed; that the form of the agitating means was not of the substance of the invention nor the make-up of the mechanical submovements. The form and function of the stirrer in no wise affected the matters therein deemed to constitute the invention, so long as those new features remained.

Appellee has appropriated the combination in which the heavy operating mechanism is carried by the tub. The difference between the load of the Victor lid and that of appellee is negligible. He has taken the arrangement of the parts of the gearing which effect the line of cleavage. He has combined these with the operating lever of the second class. This had never been done before. The result was a tub-actuating device which we found, in the Horton Case above referred to, to involve invention. Claim 2 can in substance be read upon appellee's device. It has the vertical rotating stirrer shaft, the horizontally disposed drive shaft in combination with a vertically disposed actuating lever of the second class, a flywheel with its axis parallel to that of the drive shaft, and means for transmitting the motion of the lever to the flywheel. It has also the elements of claim 4, including a gear with its axis parallel to that of the flywheel for transmitting the motion of the lever to the flywheel.

Victor was not by his claims limited to the particular actuating mechanism shown in the specification. The fact, if it be a fact, that by reason of appellee's adjustment of its minor parts his tub is capable of being adjusted to run by power, may serve to disclose an advance over Victor, though that is not hereby conceded. The same may be said of some other minor differences between the two devices. If such be the case, nevertheless the fact still remains that appellee, as a basis for

his mechanical movement or gearing, has the combination of Victor. To hold otherwise would make the Victor patent practically worthless. If minor details of moving apparatus are to be construed to evade the essential principles, the vital concept, of the Victor gearing, then the grant was not worth seeking.

The patent is not limited to any particular form of transmitting power. The object sought and recognized by us in the former suit consisted in the easily lifted lid, and the line of cleavage combined with the lever of the second class. These features appellee has taken and must account for.

The decree of the District Court is reversed, with direction to grant the prayer of the bill.